IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PRESIDENTIAL CANDIDATE NUMBER P60005535, *also known as* RONALD SATISH EMRIT,<br>       Plaintiff<br><br>       v.<br><br>MARIA CHERNIAVSKA, *et al.*,<br>       Defendants. | C.A. No. 26-2 Erie<br><br>District Judge Susan Paradise Baxter |

## MEMORANDUM OPINION

### I.  INTRODUCTION

Plaintiff Presidential Candidate Number P60005535 a/k/a Ronald Satish Emrit commenced this civil action on January 5, 2026, by filing a motion to proceed *in forma pauperis* [ECF No. 1], together with an attached *pro se* complaint against Defendants Maria Cherniavska, of Warsaw, Poland (future First Lady of United States by 2028 in a parallel universe); Volodymyr Zelenskyy, President of Ukraine; Estate of Alexei Navalny; Darya Ignateva of Kyev; Kateryna Olokoba of Kherson Ukraine; Erin Burnett, Outfront of Cable News Network (CNN); International Court of Justice of Hague; Netherlands; United Nations (UN); World Bank; International Monetary Fund; and Council of Foreign Relations. [ECF No. 1-2].

The complaint as a while is little more than a rambling series of incoherent, nonsensical statements that have little foundation in law, or even reality. This is apparent from the outset, as evidenced by the first numbered paragraph of the complaint, which is set forth under the heading "Nature of the Case," and reads as follows:

1. Judge Susan Paradise-Baxter (SPB) of Erie, Pennsylvania (EP) has the same initials as **Saint Peter's Basilica (PB) of Vatican City in Rome, Italy** and the **sports attorney Eric Purnell (EP)** with whom the plaintiff had a meeting in 2005 about his music career scheduled by the plaintiff's former[] publicist Tamille Hawkins whom the plaintiff met at **Grammys on the Hill 2005 at Willard Intercontinental Hotel off of Pennsylvania in Washington, DC** at an event honoring **Gloria Estefan, Congressman Steny Hoyer of Maryland, and Senator Lamar Alexander of Tennessee** as Saint Peter's Basilica is connected to Creation of Adam painted by Michaelangelo and The Mona Lisa and Last Supper painted [by] Leonardo Da Vinci. Nevertheless, every time a smartphone (Android or Apple iphone) is looking for directions through a Google search engine, Google maps, and/or directions, the smartphone is communicating with **three or four GPS satellites** (Global Positioning Systems) in what is referred to as **trilateration.**

(ECF No. 1-2, at ¶ 1). The complaint later goes on to set forth a "Statement of Facts," which consists of seven paragraphs describing Plaintiff's alleged communications with Defendants Maria Cherniavska, Kateryna Olokoba, and Darya Ignateva, on various dating websites in 2019 and 2020, and his alleged payment of 300 euros to Defendant Cherniavska in 2022. (Id. at ¶¶ 30-36).

After setting forth these "facts," Plaintiff then asserts three state tort claims against Defendant Erin Burnett, only: Count I – defamation; Count II - "invasion of privacy through false light;" and Count III - intentional infliction of emotional distress. (Id. at ¶¶ 37-49). Each of these causes of action is based on the same allegation that Defendant Burnett "insinuate[ed] that both [Presidents William Jefferson Clinton and Donald J. Trump] are on a client list provided by either Jeffrey Epstein or Ghislain Maxwell." (Id. at ¶¶ 37, 43, 46). As relief for these claims, Plaintiff is seeking only declaratory and injunctive relief.

2

## II. DISCUSSION

### A. Review of Plaintiff's Application for Leave to Proceed in Forma Pauperis

The United States Court of Appeals for the Third Circuit has instructed the district courts to utilize a two-step analysis when determining whether to direct service of a complaint in cases where the plaintiff seeks to proceed *in forma pauperis*. See Roman v. Jeffes, 904 F.2d 192, 194 n. 1 (3d Cir. 1990). First, the district court evaluates a litigant's financial status and determines whether he or she is eligible to proceed *in forma pauperis* under § 1915(a); second, the court assesses the complaint under § 1915(e)(2) to determine whether it is frivolous or otherwise subject to *sua sponte* dismissal. Id., citing Sinwell v. Shapp, 536 F.2d 15 (3d Cir. 1976); see Brown v. Sage, 903 F.3d 300, 304 (3d Cir. 2018) (describing two-step process for evaluating a petitioner's motion to proceed in forma pauperis on appeal); Schneller v. Abel Home Care, Inc., 389 F. App'x 90, 92 (3d Cir. 2010); Rogers v. United States, 248 F. App'x 402, 402-03 (3d Cir. Sept. 21, 2007).

Here, Plaintiff's motion for leave to proceed *in forma pauperis* will be granted, as it appears that he lacks sufficient funds to pay the required filing and administrative fees in this action. Accordingly, the Clerk will be directed to file his complaint as a separate docket entry.

### B. Review of Plaintiff's Complaint Under 28 U.S.C. §1915(e)

#### 1. Governing Legal Standards

Pursuant to 28 U.S.C. § 1915(e)(2), as amended, "[t]he court shall dismiss the case at any time if the court determines that ... (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A claim is frivolous if it: (1) is based upon an indisputably

3

meritless legal theory and/or, (2) contains factual contentions that are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989).

Whether a complaint fails to state a viable claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). This standard requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). When reviewing a complaint to determine whether it states a cognizable legal claim, we accept the well-pled factual averments as true and construe all reasonable inference arising from the facts in favor of the complainant See Taksir v. Vanguard Grp., 903 F.3d 95, 96-97 (3d Cir. 2018). However, the Court is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (internal quotations and citations omitted). Although a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) review, it must contain more than just labels and conclusions or a "formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Here, Plaintiff is proceeding *pro se*. Therefore, his complaint must be liberally construed and "held 'to less stringent standards than formal pleadings drafted by lawyers.'" Fantone v. Latini, 780 F.3d 184, 193 (3d Cir. 2015), quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007). But while courts construe *pro se* pleadings liberally, "there are limits to [this] procedural flexibility," and the litigant must still allege sufficient facts to support a valid claim. Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013).

4

Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to §1915, a court must grant the plaintiff leave to amend the complaint, unless further amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002)

### 2. Analysis

At the outset, the Court takes judicial notice of the fact that Emrit is a serial filer of *pro se* lawsuits which have routinely been dismissed as frivolous or vexatious. See, e.g., Presidential Candidate Number P0005535 v. U.S. Patent and Trademark Office, 2025 WL 2988663 (W.D. Pa. Oct. 23, 2025); Emrit v. Prince George's Cnty. Police Dep't, 2025 WL 2345179, at *2 (W.D. Pa. Aug. 13, 2025) (recounting "Plaintiff's proclivity for initiating frivolous and vexations litigations on various topics in multiple U.S. District Courts throughout the country"); Emrit v. Progressive Ins. Co., 2024 WL 436385, at *2 (N.D. Fla. Jan. 11, 2024) (identifying Plaintiff as a "'serial pro se filer' who has been a party in more than 700 federal cases and the plaintiff in more than 400 federal cases"), Report and Recommendation adopted, 2024 WL 420143 (N.D. Fla. Feb. 5, 2024), appeal dismissed, 2024 WL 3664060 (11th Cir. Mar. 4, 2024); Emrit v. Bd. of Immigr. Appeals, 2022 WL 4287659, at *1 & n.1 (S.D. W. Va. Mar. 31, 2022) (noting that Emrit had filed cases "nationwide, from Maine to Hawaii" and cataloguing all the various cases that were dismissed as meritless and frivolous), Report and Recommendation adopted, 2022 WL 3594518 (S.D. W. Va. Aug. 23, 2022).

The allegations in this case likewise lack any arguable basis either in law or in fact. Neitzke, 490 U.S. at 325, 327. To the extent that Plaintiff's claims are even discernable, the Court finds that they are based upon an indisputably meritless legal theory and/or factual

allegations that are clearly baseless. As such, Plaintiff's claims are frivolous. <u>Neitzke</u>, 490 U.S. at 327.

Moreover, it is clear from a review of the complaint that venue does not lie in this judicial district. <u>See</u> 28 U.S.C. §1391(b). None of the Defendants identified in the complaint are residents of this Commonwealth, nor do Plaintiff's allegations suggest that any part of the events or omissions giving rise to his putative claims occurred here. Notably, Plaintiff identifies himself as a resident of both Nevada and Maryland, but not Pennsylvania. He further suggests that the U.S. District Court for the District of New Jersey is the proper forum for his claims. (<u>See</u> ECF No. 1-2 at ¶¶ 25, 26). Thus, venue is not proper here and, given the frivolous nature of Plaintiff's allegations, the Court will exercise its discretion to dismiss this action rather than transfer the action to the District of New Jersey.

Finally, even if venue was proper before this Court, there is no basis upon which the Court may exercise jurisdiction over Plaintiff's claims, as they consist of only state law tort claims. Thus, there is no basis for federal question jurisdiction and diversity jurisdiction does not apply since, among other things, there are no monetary damages being sought.

Based upon the foregoing, therefore, Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 1] will be granted; however, the complaint will be dismissed without leave to amend, as further amendment would be both inequitable and futile. <u>Grayson</u>, 293 F.3d at 114.

An appropriate Order follows.